# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In Re:

| | |
|---|---|
| **JOSEPH DuMOUCHELLE FINE & ESTATE JEWELLERS, L.L.C.** | Case No. 19-56239 |
| | Hon. Phillip J. Shefferly |
| Debtor | Chapter 7 |
| _____/ | |

## CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SCHAFER AND WEINER, PLLC, AS COUNSEL TO THE TRUSTEE

Mark Shapiro, Chapter 7 Trustee of Joseph DuMouchelle Fine & Estate Jewellers, LLC (the "Trustee"), for his application for authority to employ Schafer and Weiner, PLLC ("S&W") as counsel to the Trustee states:

### JURISDICTION

1. On November 17, 2019 (the "Petition Date"), East Continental Gems, Inc., Thomas T. Ritter and William Noble Rare Jewels, LP (the "Petitioning Creditors") filed an involuntary Chapter 7 bankruptcy petition against Joseph DuMouchelle Fine & Estate Jewellers, L.L.C. (the "Debtor"). S&W represented the Petitioning Creditors with regard to the involuntary petition.

2. On December 16, 2019, the Court entered the Order for Relief and Trustee was appointed to serve as the Chapter 7 Trustee in the case (the "Appointment Date").

{00832808.1}        {00832808.1}

1

3. This Court has jurisdiction over this petition for employment under 28 U.S.C. §§157 and 1334. Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is § §327(a) of the Code.

## BACKGROUND

4. The Debtor buys, sells and appraises fine jewelry, gemstones, objects and art through private sales to individual purchasers or investors, public and private auctions and public sales from its locations in Palm Beach, Florida, and Fifth Avenue in New York City.

5. The Debtor is owned by husband and wife, Joseph DuMouchelle ("DuMouchelle") and Melinda Adducci ("Adducci").

### *The Individual Case*

6. On October 9, 2019, the Oakland County Circuit Court issued a bench warrant for DuMouchelle's arrest. Two days later, on October 11, 2019, DuMouchelle and Adducci filed a joint chapter 11 voluntary bankruptcy petition in this court (the "Individual Case"). The Individual Case was converted from Chapter 11 to Chapter 7 by order of the Court dated December 3, 2019.

7. Just over a month later, the Petitioning Creditors filed this case against the Debtor. As a result, DuMouchelle and Adducci's Individual Case is pending concurrently with this Chapter 7 case.

{00832808.1} {00832808.1}
2

8. When DuMouchelle and Adducci appeared at the §341 hearing in the Individual Case, they were accompanied by bankruptcy counsel of record and criminal counsel, David Griem.

9. In response to questioning by the United States trustee ("UST") and several creditors in attendance, DuMouchelle and/or Adducci, upon the advice of counsel, invoked the fifth amendment privilege against self-incrimination, roughly 125 times in response to substantive and material bankruptcy inquiries, including:

- Recognition of their signatures on their chapter 11 petition;

- Recognition of their signatures on their bankruptcy schedules;

- Recognition of their signatures on their statement of financial affairs;

- Ownership of real estate other than as disclosed;

- Reason(s) for filing chapter 11;

- Membership interests in LLCs;

- LLC operations;

- Contents of documents previously furnished to the UST at the chapter 11 initial debtor interview;

- Number of storage units;

- Access to storage units;

- Description of pending litigation;

- Omission of description of pending litigation from their bankruptcy schedules;

- Location of their books and records;

- Earned income;

- Currently monthly income;

- Ownership of computers/servers;

- Value of trusts;

- Beneficiary interests in trusts;

- The disappearance of a 3.88 carat Fancy Intense Green Natural Cushion Modified Brilliant Diamond;

- The disappearance of millions of dollars of entrusted funds to be used for the purchase of gemstones; and

- The disappearance of other valuable, consigned gemstones.

10. As a result, there are numerous unanswered questions relating to the Debtor's assets and previous transactions which the Trustee must investigate in this case.

**S&W's Representation of Petitioning Creditors**

11. As set forth in more detail in the Declaration, each of the Petitioning Creditors separately retained S&W to represent its interests as a creditor in the Individual Case. *See* Declaration of Daniel J. Weiner (the "Declaration"), attached as Exhibit B.

12. S&W attended the §341 hearing as counsel for each the Petitioning Creditors and examined DuMouchelle/Adducci. *See* Exhibit B.

13. Subsequently, pursuant to a retainer agreement dated on or about November 14, 2019, the Petitioning Creditors jointly retained S&W to file the involuntary petition and seek the appointment of an interim trustee. *See* Exhibit B.

14. S&W filed the involuntary petition on behalf of the Petitioning Creditors and subsequently filed a motion for the appointment of an interim trustee under 11 U.S.C. §303(g) [Dk. No. 11]. The Court granted the motion and ordered the appointment of an interim trustee by order dated November 27, 2019 [Dk. No. 26].

15. On the Appointment Date (December 16, 2019), the Court entered the Order for Relief and Trustee was appointed to serve as the Chapter 7 Trustee in the case.

16. S&W has advised that its retention by the Petitioning Creditors in this case terminated on the Appointment Date. *See* Exhibit B.

17. S&W has advised that it has not provided legal services to the Petitioning Creditors in the Individual Case since the Appointment Date and will not perform any services for the Petitioning Creditors in the future if this application is granted. *See* Exhibit B.

18. As a result of S&W's participation in both this case and the Individual Case, S&W is already familiar with the Debtor's complex factual background and has begun the process of investigating the Debtor and its assets.

### REQUESTED EMPLOYMENT OF COUNSEL

19. The Trustee faces an uphill battle in this case. He must wade through years of transfers in order to piece together the Debtor's financial pictures and determine what property the Debtor owns, where Debtor's property is located and what amounts Debtor owes to creditors. In addition, the Trustee must identify and work to unravel potentially numerous fraudulent transfers and/or outright thefts of Debtor's assets (or property entrusted to the Debtor).

20. The Trustee has determined in his business judgment that he requires the assistance of S&W in this case to represent him in the extensive discovery, investigation and litigation that will be necessary in order to unravel the Debtor's history of complex and possibly fraudulent transactions.

21. Without limitation, the Trustee needs the assistance of S&W in this case to assist him to undertake the discovery and investigation necessary to determine (i) the location and value of Debtor's assets, including several valuable jewels and gemstones, and (ii) the extent of Debtor's fraudulent transfers and/or outright theft, as well as to represent the Trustee is the various adversary proceedings and legal battles expected to arise out of the Debtor's previous transactions.

22. The Trustee wishes to retain S&W to represent him with regard to the above described matters.

23. As a result of S&W's prior representation of the Petitioning Creditors, it is uniquely qualified to represent the Trustee in this case. S&W has already begun investigating the Debtor and its murky background and will be prepared for many of the complications that are likely to arise in this case.

24. The proposed compensation includes fees for services performed based upon hourly rates to be approved by the Court for S&W.

25. Pursuant to the Declaration, and to the best of Trustee's knowledge, S&W has no connections with the Debtor, creditors, the Office of the U.S. Trustee, or any other parties. *See* Exhibit B.

26. Pursuant to the Declaration, and to the best of Trustee's knowledge, S&W does not hold or represent any interest adverse to the estate with respect to the services for which employment is sought. *See* Exhibit B.

27. Pursuant to the Declaration, and to the best of Trustee's knowledge, S&W is a "disinterested person" as that term is defined in Section 101 (14) of the Bankruptcy Code. *See* Exhibit B.

28. Accordingly, the Trustee asserts that S&W may be employed as counsel pursuant to 11 U.S.C. §327(a).

29. A copy of the proposed order authorizing the Trustee to employ S&W as counsel is attached as Exhibit A to this Application.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order Authorizing the Trustee to Employ Schafer and Weiner, PLLC as counsel to the Trustee or grant other relief that this Court deems appropriate.

Respectfully Submitted,

STEINBERG, SHAPIRO & CLARK

By: /s/ Mark H. Shapiro
Attorney for Chapter 7 Trustee
25925 Telegraph Rd., Ste. 203
Southfield, MI 48033
(248) 352-4700
shapiro@steinbergshapiro.com

Dated: January 23, 2020

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

| | |
|---|---|
| **JOSEPH DuMOUCHELLE FINE & ESTATE JEWELLERS, L.L.C.** | Case No. 19-56239 |
| | Hon. Phillip J. Shefferly |
| Debtor | Chapter 7 |
| _____/ | |

## ORDER GRANTING TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SCHAFER AND WEINER, PLLC AS COUNSEL TO THE TRUSTEE

The Court has reviewed the *Application for Authority to Employ Schafer and Weiner, PLLC, as Counsel to the Trustee* (the "Application"), filed by Mark Shapiro, the Chapter 7 Trustee; the Court has read the Application and the supporting Declaration submitted by Daniel J. Weiner, and the Court being otherwise fully advised in the premises,

**NOW THEREFORE, IT IS HEREBY ORDERED** that Schafer and Weiner, PLLC, is employed as counsel for the Trustee pursuant to the terms outlined in the Application.

**IT IS FURTHER ORDERED** that Schafer and Weiner, PLLC, shall be compensated for its services after proper application is made to, and authorized by, the Court.

{00832808.1}   {00832808.1}
9

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In Re:

**JOSEPH DuMOUCHELLE FINE & ESTATE JEWELLERS, L.L.C.**

  Debtor

_____/

Case No. 19-56239

Hon. Phillip J. Shefferly

Chapter 7

## DECLARATION OF DANIEL J. WEINER, ESQ. IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SCHAFER AND WEINER, PLLC, AS COUNSEL TO THE TRUSTEE

In support of *Chapter 7 Trustee's Application for Authority to Employ Schafer and Weiner, PLLC, as Counsel to the Trustee* (the "Application"), Daniel J. Weiner, Esq. (the "Declarant") declares the following:

  1. I am an attorney admitted to practice law in the State of Michigan, and I am a founding member of the firm of Schafer and Weiner, PLLC ("Applicant"), which maintains offices in Bloomfield Hills, Michigan.

  2. Except as otherwise stated, I make this Declaration upon personal knowledge, and if called as a witness, I could testify competently to the facts contained herein.

  3. Mark Shapiro, Chapter 7 Trustee (the "Trustee") has requested that Applicant be appointed as counsel for the Trustee to represent the Trustee in

connection with investigations and enforcement actions, along with other matters mutually agreed upon between Trustee and Applicant.

4. I believe pursuant to 11 U.S.C. § 327(a), neither I nor my firm represent or hold any interest adverse to the Debtor or to its estate with respect to the services for which S&W is seeking employment.

5. I am familiar with Sections 101(14), 327 and 330 of the United States Bankruptcy Code, Fed. R. Bankr. P. 2014 and 5002, and Local Rule 2014 concerning the appointment of professional persons to perform services in bankruptcy cases.

6. Applicant previously represented East Continental Gems, Inc., Thomas T. Ritter and William Noble Rare Jewels, LP as the Petitioning Creditors[1] in the involuntary bankruptcy proceeding filed in this case on November 17, 2019 (the "Petition Date") and also as the major creditors in the Individual Case.

7. Applicant filed the involuntary Chapter 7 petition as counsel to the Petitioning Creditors and subsequently prepared and filed the *Emergency Motion by Petitioning Creditors to Appoint Interim Trustee Under 11 U.S.C. §303(g)* [DN 11]. The Court granted the motion by order dated November 27, 2019 [DN 26].

---

[1] Capitalized terms not defined herein shall have the meaning attributed to them in the Application.

{00829041.1}                                    2

19-56239-lsg    Doc 60    Filed 01/24/20    Entered 01/24/20 12:46:54    Page 11 of 15

8. On December 16, 2019, the Court entered the Order for Relief and Trustee was appointed to serve as the Chapter 7 Trustee in the case (the "Appointment Date").

9. As a result of Applicant's representation of the Petitioning Creditors in this case and as major creditors in the Individual Case, Applicant has generated legal fees and expenses totaling $51,256.03 which Applicant believes are owed jointly by such creditors and which Applicant has not waived.

10. Applicant received the following amounts as counsel to the Petitioning Creditors in connection with the involuntary Chapter 7 case: (i) $7,611.00 from East Continental Gems, (ii) $7,611.67 from Thomas T. Ritter, and (iii) $7,500 from William Noble Rare Jewels, LP. The amounts received were applied to the filing fee of $1,818 and the balance to Applicant's retainer in the amount of $20,904.67 (the "Retainer"), leaving an unpaid balance of $30,731.29 owed by Petitioning Creditors.

11. Petitioning Creditors have a claim under 11 U.S.C. §503(b)(3)(a) and §503(b)(4) for reimbursement of expenses incurred in connection with the involuntary Chapter 7 filing.

12. Applicant no longer represents the Petitioning Creditors in this chapter 7. Applicant's retention by the Petitioning Creditors in this case ended on the Appointment Date.

13. Applicant has not provided legal services to the Petitioning Creditors in the Individual Case since the Appointment Date and will not perform any services for the Petitioning Creditors in the future if the Trustee's Application is granted.

14. Applicant is a "disinterested person" as that term is defined in Section 101 (14) of the Bankruptcy Code in that Applicant, its members, counsel and associates:

> a. Are not creditors, equity security holders or insiders of the Debtor;
>
> b. Are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and
>
> c. Do not have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtor, or for any other reason.

15. No promises have been received by Applicant nor by any member or associate thereof as to compensation in connection with its representation of the Trustee in this chapter 7 case other than those subject to the

provisions of the Bankruptcy Code. Applicant has no agreement with any entity to share any compensation received by Applicant.

16. As a law firm with an extensive bankruptcy, restructuring and corporate practice, Applicant appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants, some of which now or may in the future represent claimants and parties-in-interest in this case. Applicant will not represent any of such entities in relation to this chapter 7 case.

17. To the best of my knowledge, other than disclosed herein, neither I nor any member of Applicant has any connection with the Debtor, its creditors, any other parties-in-interest, their respective attorneys and accountants, or the Office of the U.S. Trustee.

18. Pursuant to Applicant's internal procedures, it has circulated a list of known parties-in-interest and except as otherwise set forth herein, Applicant has no relationship with any such parties that would render it not disinterested.

19. Applicant reserves its right to amend and update this Declaration should other connections be discovered.

20. I know of no reason why Applicant should not be employed as counsel for the Trustee.

21. I understand that if employed as counsel for the Trustee, Applicant cannot be compensated until its fees are approved by the United States Bankruptcy Court pursuant to an entered Order.

22. Declarant says nothing further.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Daniel J. Weiner, Declarant

Dated: January 23, 2020

{00829041.1}                                         6

19-56239-lsg    Doc 60    Filed 01/24/20    Entered 01/24/20 12:46:54    Page 15 of 15