In Re:

JOSEPH DuMOUCHELLE FINE     Case No. 19-56239
& ESTATE JEWELLERS, L.L.C.     Chapter 7
                                                       Hon. Lisa S. Gretchko

         Debtor,
_____/

# FIRST AND FINAL APPLICATION OF CHARLES KUPERWASSER, TRUSTEE'S EXPERT WITNESS, FOR FEES AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED FROM JANUARY 12, 2022 THROUGH MAY 31, 2023 PURSUANT TO 11 U.S.C. § 330

## SUMMARY COVERSHEET

| Date of Current Fee Application and Period Covered | Total Fees/ Expenses Requested |
|---|---|
| Period: January 12, 2022 thru May 31, 2023 | Fees:       $8,066.60<br>Expenses:   $    200.00 |

| Name of Professional/ Paraprofessional | Title | Hourly Rate | Total Hours (Current Application) | Total Fees |
|---|---|---|---|---|
| Charles Kuperwasser | Expert | 275.00 | 29.20 | $ 8,066.60 |
| | | | | |
| **TOTAL FEES** | | | **29.20** | **$ 8,066.60** |
| | | | | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In Re:

JOSEPH DuMOUCHELLE FINE        Case No. 19-56239
& ESTATE JEWELLERS, L.L.C.      Chapter 7
                                Hon. Lisa S. Gretchko

      Debtor,
_____/

**FIRST AND FINAL APPLICATION OF CHARLES KUPERWASSER, TRUSTEE'S EXPERT WITNESS, FOR FEES AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED FROM JANUARY 12, 2022 THROUGH MAY 31, 2023 PURSUANT TO 11 U.S.C. § 330**

Charles Kuperwasser ("Applicant"), expert witness hired by Trustee Mark H. Shapiro (the "Trustee") states as follows:

**A.     Statement of Fee Request**

1.     Applicant requests approval of fees in the amount of $8066.60 for services rendered during the Application Period (defined below) in relation to Adversary Proceeding No. 21-04023 (the "Adversary Proceeding").

2.     Applicant requests reimbursement of expenses in the amount of $200.00 for expenses paid during the Application Period in relation to the Adversary Proceeding.

3.     The Applicant has not filed any prior fee application in the Adversary Proceeding.

### B. Time Period During Which Services Were Rendered

4. The Fee Application covers the period from January 12, 2022 through May 31, 2023 (the "Application Period").

### C. Background

1. The Trustee filed the Adversary Proceeding to avoid and recover transfers made by the Debtor to Zeidman's Jewelry and Loan of Michigan, Inc., Zeidman's Jewelry & Loan of Southfield, Inc., and Zeidman's Loan Office, Inc. (collectively, "Zeidman's"), including the transfer of several items of jewelry that William Noble Rare Jewels, LP ("Noble") had previously delivered to the Debtor (collectively, the "Noble Jewelry").

5. In the Adversary Proceeding, the Trustee alleged that the Debtor transferred the Noble Jewelry to Zeidman's for substantially less than its reasonably equivalent value. The Trustee also requested damages based on the value of the Noble Jewelry.

6. In response, Zeidman's contended that the value of the Noble Jewelry was significantly lower than the Trustee alleged.

7. The Trustee also alleged that Zeidman's knew or should have known that the Debtor was pawning the Noble Jewelry without authority to do so.

8. In response, Zeidman's alleged that it did not know, and had no reason to know, that the Debtor was pawning the Noble Jewelry without authority to do so.

9. As a result, the Trustee sought to retain the services of Applicant to value the Noble Jewelry for the purposes of establishing the "reasonably equivalent value" element of his case; to act as an expert witness with regard to the valuing, consignment, and sale of jewelry; and to determine the current value of the Noble Jewelry for liquidation purposes.

10. The Trustee filed his application to employ Applicant as his expert witness on January 19, 2022. *See* ECF No. 232 (the "Kuperwasser Application").

11. The Court authorized the Trustee's retention of Applicant pursuant to its *Order Approving Trustee's Employment of Expert Witness*. *See* ECF No. 238.

12. The Parties reached a settlement agreement in the Adversary Proceeding (the "Settlement Agreement") and filed their Motion to Approve Settlement Agreement [ECF No. 293] (the "Settlement Motion") on April 12, 2023. *See* ECF No. 293.

13. On May 31, 2023, the Court entered its Order approving the Settlement Agreement [ECF No. 306] (the "Settlement Order").

14. The Settlement Agreement was based in significant part on Applicant's valuation of the Noble Jewelry.

**D.  Services Performed**

15. Applicant reviewed extensive documentation related to the underlying allegations in the Adversary Proceeding and the value of the Noble Jewelry,

including the Trustee's documents, pleadings, and documents produced by Zeidman's in discovery.

16. After his review, Applicant applied his expertise to assist Trustee's counsel in understanding the issues in the Adversary Proceeding.

17. Applicant provided understanding and insight to the Trustee related to valuing the Noble Jewelry, including but not limited to whether Zeidman's had provided reasonably equivalent value for the Noble Jewelry.

18. Applicant also provided insight on the common practices in the pawn and jewelry industry to help the Trustee better understand reasonable practices with regarding to the valuing, consignment, and sale of the Noble Jewelry.

19. Applicant drafted a preliminary expert report to assist the Trustee and his counsel at mediation. The Trustee used the expert report extensively at mediation.

20. Applicant assisted the Trustee by inspecting and determining the value of certain of the Noble Jewelry for the purposes of advising the Trustee with regard to issues related to settlement of the Adversary Proceeding.

21. Applicant provided advice to the Trustee related to settlement negotiations.

### E. Benefit to the Estate

22. The Applicant's assistance allowed the Trustee more effectively litigate and mediate the Adversary Proceeding, and ultimately to reach a settlement, which culminated in the Settlement Agreement and Settlement Order.

### F. Adversary Proceedings

23. During the Application Period, Applicant was not involved in any other adversary proceedings, state or other federal litigation, or administrative proceedings.

### G. Current Status

24. The Trustee and Zeidman's entered into the Settlement Agreement, which was approved by this Court's Settlement Order on May 31, 2023.

### H. Services to Be Rendered in the Future

25. Applicant does not anticipate providing additional services to the Trustee in this bankruptcy.

### I. Prior Fee Applications

26. There has been no prior fee application filed in this bankruptcy by the Applicant.

### J. Trustee's Approval

27. Applicant provided this Application to the Trustee for his review; and the Trustee approved this Application prior to filing.

28. In support of this request, Applicant has attached:

**Exhibit A**: The proposed order granting the Application.

**Exhibit B**: The order appointing Applicant as the Trustee's Expert Witness.

**Exhibit C**: Applicant's detailed time records.

No agreements or understandings exist between Applicant and any other person or firm for the sharing of any compensation received for services rendered in this matter.

**WHEREFORE,** Applicant respectfully requests that he be awarded the following as final compensation under 11 U.S.C. §330:

| | |
|---|---|
| Fees – Application Period | $ 8,066.60 |
| Costs –Application Period | $    200.00 |
| **Total Final Request** | **$ 8,266.60** |

Respectfully submitted:

SCHAFER AND WEINER, PLLC

/s/ Joseph K. Grekin
JOSEPH K. GREKIN (P52165)
KIM K. HILLARY (P67534)
BRANDI M. BLASSES (P83872)
Counsel for the Trustee
40950 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jgrekin@schaferandweiner.com

Dated: July 21, 2023

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

In Re:

JOSEPH DuMOUCHELLE FINE        Case No. 19-56239
& ESTATE JEWELLERS, L.L.C.       Chapter 7
                                             Hon. Lisa S. Gretchko

           Debtor,

_____/

## ORDER GRANTING FIRST AND FINAL APPLICATION OF CHARLES KUPERWASSER, TRUSTEE'S EXPERT WITNESS, FOR FEES AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED FROM JANUARY 12, 2022 THROUGH MAY 31, 2023 PURSUANT TO 11 U.S.C. § 330

This matter having come before the Court on the Application of Charles Kuperwasser ("Applicant") for Fees and Reimbursement of Expenses for Services Rendered from January 12, 2022 through May 31, 2023 pursuant to 11 U.S.C. §330 ("Application"), which was filed with this Court pursuant to Sections 330 and 331 of Title 11 of the United States Bankruptcy Code (the "Code"), Bankruptcy Rule 2016, and Eastern District of Michigan Local Rule 2016-1. Applicant requests an Order allowing the fees as requested in the Application:

| | |
|---|---:|
| Fees – First and Final | $ 8,066.60 |
| Expenses – First and Final | $ 200.00 |
| **TOTAL:** | **$ 8,266.60** |

Notice of the Application and the relief requested in the Application has been provided to all creditors and parties in interest required to be served pursuant to Fed.

R. Bankr. Pro. 2002(a)(7); no other parties have filed objections thereto; and the Court being fully advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED** that Charles Kuperwasser shall be awarded fees and costs in the amount of $8,266.60 for services rendered as the Trustee's expert witness from January 12, 2022 through May 31, 2023.

**IT IS FURTHER ORDERED** that this fee award is final compensation under 11 U.S.C. §330(a).

**IT IS FURTHER ORDERED** that this Order has the effect of a money judgment consistent with Fed. R. Bankr. Pro. 7054 to which Fed. R. Bankr. Pro. 7069 applies.

# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

**JOSEPH DuMOUCHELLE FINE
& ESTATE JEWELLERS, L.L.C.**

      Debtor

Case No. 19-56239
Chapter 7
Hon. Lisa S. Gretchko

_____/

## ORDER APPROVING TRUSTEE'S
## EMPLOYMENT OF EXPERT WITNESS

This matter came before the Court upon the Trustee's Application to Employ Charles Kuperwasser ("Kuperwasser") as an Expert Witness ("Application"; ECF No. 232), the concurrence therein filed by the Office of the United States Trustee ("UST Concurrence" ECF No. 233), and the objection to the Application filed by Joseph G. DuMouchelle and Melinda J. Adducci ("Objection"; ECF No. 235). On January 28, 2022, the Court held a hearing on the Application and the Objection ("Hearing"). At the conclusion of the Hearing, the Court determined to overrule the Objection and to grant the Application. Following the Hearing, the United States Trustee filed a second concurrence consenting to the terms of this Order ("UST Second Concurrence"; ECF No. 237[1]). The Court has reviewed the Application, the

---

[1] The Office of the United States Trustee filed its initial concurrence at Dk. No. 233. The proposed order was subsequently revised to resolve concerns voiced by the Court at the hearing held on Friday, January 28, 2022, and to clarify that the Trustee

UST Concurrence, the Objection, the UST Second Concurrence and other pertinent pleadings, and has considered the statements made at the Hearing. The Court is advised in the premises.

**NOW, THEREFORE IT IS HEREBY ORDERED** that, for the reasons stated on the record at the Hearing, the Objection is overruled.

**IT IS FURTHER ORDERED** that the Trustee's employment of Kuperwasser as an expert witness at an hourly rate of $275 plus out-of-pocket expenses is approved.

**IT IS FURTHER ORDERED** that Kuperwasser's compensation and reimbursement of expenses are subject to Court approval.

**IT IS FURTHER ORDERED** that the Trustee is authorized to enter into the proposed retainer agreement with Kuperwasser that is attached as Exhibit B to the Application.

**IT IS FURTHER ORDERED** that the term "portal to portal" in the Agreement shall mean that Kuperwasser shall be entitled to bill the estate for the travel time incurred from the time he begins his trip from his place of origin until the time he initially arrives at the place he will stay at his destination, for example, from the time Mr. Kuperwasser leaves a house until the time he arrives at a hotel. "Portal

---

is authorized to pay Kuperwasser's retainer from the bankruptcy estate. The Office of the United States Trustee's second concurrence, filed at Dk. No. 237, reflects its concurrence with this revised order.

to Portal" shall not include time spent after arriving at a destination.

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay to Kuperwasser the sum of $1,500.00, to be used to pay the retainer requested by Kuperwasser, from the bankruptcy estate.

**Signed on February 3, 2022**



/s/ Lisa S. Gretchko
**Lisa S. Gretchko**
**United States Bankruptcy Judge**

# Exhibit C

Mr. Charles Kuperwasser
20 W. 47th St., Suite 404
New York, NY 10036

## INVOICE

| DATE | TIME RECORD | RATE | TIME | TOTAL |
|---|---|---|---|---|
|  | Prepare Declaration and Affidavit | $275.00 | 15 min. | $ 68.70 |
|  | Call with Joe Grekin re: general information | $275.00 | 15 min. | $ 68.70 |
|  | Review complaint and documents | $275.00 | 70 min. | $ 320.60 |
|  | Review defense response | $275.00 | 35 min. | $ 160.30 |
|  | Review Trustee's motion | $275.00 | 35 min. | $ 160.30 |
|  | Review defense response | $275.00 | 30 min. | $ 137.50 |
|  | Review declaration of Labrat | $275.00 | 30 min. | $ 137.50 |
|  | Review and price GIA documents | $275.00 | 2 hr. 50 min. | $ 779.00 |
|  | Zoom meeting with Mark Shapiro | $275.00 | 15 min. | $ 68.70 |
| 2/25/22 | Phone meeting with counsel | $275.00 | 90.min | $ 412.50 |
| 3/4/22 | Zoom meeting with counsel | $275.00 | 55 min. | $ 251.90 |
|  | **TOTAL** |  | 9 Hrs./20 min. | **$2,566.60** |

Mr. Charles Kuperwasser
20 W. 47th St., Suite 404
New York, NY 10036

## INVOICE

| DATE | TIME RECORD | RATE | TIME | TOTAL |
|---|---|---|---|---|
| 3/23/22 | Review documents provided to me by counsel | $275.00 | 40 min. | $ 183.20 |
| 5/13/22 | Scheduling, Preparation and Phone conversation with counsel | $275.00 | 30 min. | $ 137.40 |
| 6/27/22 | Phone calls and email with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 6/29/22 | Phone calls and email with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 7/5/22 | Preparation of Expert Report and phone call with Noble | $275.00 | 130 min. | $ 595.40 |
| 7/6/22 | Coordinate phone call with Noble and Brandi Dobbs | $275.00 | 20 min. | $ 91.60 |
| 7/7/22 | Phone call with Noble | $275.00 | 40 min. | $ 183.20 |
| 7/10/22 | Exchange emails with Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 7/11/22 | Draft Expert Report | $275.00 | 45 min. | $ 206.10 |
| 7/12/22 | Emails to and from counsel's office | $275.00 | 30 min. | $ 137.50 |
| 7/12/22 | Phone conversation with counsel's office | $275.00 | 35 min. | $ 160.30 |
| 7/13/22 | Phone calls with Joe Grekin | $275.00 | 50 min. | $ 229.00 |
| 7/15/22 | Phone calls and emails with counsel's office | $275.00 | 10 min. | $ 45.80 |
| 7/17/22 | Review of Report and Final Release | $275.00 | 20 min. | $ 91.60 |
| 7/18/22 | Emails with counsel | $275.00 | 10 min. | $ 45.80 |
| | **TOTAL** | | 8 Hrs./10 min. | $2245.83 |

Mr. Charles Kuperwasser
20 W. 47th St., Suite 404
New York, NY 10036

## INVOICE

| DATE | TIME RECORD | RATE | TIME | TOTAL |
|---|---|---|---|---|
| 9/10/22 | Email to Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 9/14/22 | Call with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 9/19/22 | Email to Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 9/20/22 | Email to Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 9/22/22 | Email to Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 9/23/22 | Zoom call with counsel | $275.00 | 20 min. | $ 91.60 |
| 9/23/22 | Review pieces of Goods via Zoom | $275.00 | 20 min. | $ 91.60 |
| 9/23/22 | Call with Joe Grekin | $257.00 | 20 min. | $ 91.60 |
| 92322 | Email to Brandi Dobbs | $275.00 | 10 min. | $ 45.80 |
| 10/7/22 | Emails with counsel | $275.00 | 15 min. | $ 68.75 |
| 10/9/22 | Emails with counsel | $275.00 | 15 min. | $ 68.75 |
| 10/11/22 | Emails and messages with counsel | $275.00 | 20 min. | $ 91.60 |
| 10/12/22 | Phone call and messages with counsel | $275.00 | 30 min. | $ 137.50 |
| 10/19/22 | Emails with counsel | $275.00 | 20 min. | $ 91.60 |
| 10/20/22 | Phone calls, Emails, GIA etc. | $275.00 | 60 min. | $ 275.00 |
| 10/25/22 | Emails | $275.00 | 30 min. | $ 137.50 |
| 10/27/22 | Call with Super Diam | $275.00 | 10 min. | $45.80 |
| 10/27/22 | Call to Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 10/27/22 | Call from Joe Grekin | $275.00 | 10 min. | $ 45.80 |

| Date | Description | Rate | Time | Amount |
|---|---|---|---|---|
| 10/28/22 | Calls with Joe Grekin | $275.00 | 20 min. | $ 91.60 |
| 11/10/22 | Emails with Joe Grekin and Review | $275.00 | 30 min. | $ 137.50 |
| 11/10/22 | Phone call to GIA re: GIA shipment | $275.00 | 15 min. | $ 68.75 |
| 11/21/22 | Email Brandi Dobbs re: GIA shipment | $275.00 | 10 min. | $ 45.80 |
| 11/29/22 | Email and phone calls with Joe Grekin, Harvey of Super, Armed Guard etc. | $275.00 | 70 min. | $320.80 |
| 12/1/22 | Arrangements for pick up from GIA, pickup and inspection with Harvey and Armed Guard. Conference with another DIAM expert, inspection on machine, return packaging to Brinks, phone call with Joe Grekin | $275.00 | 2.5 hours | $687.00 |
| 12/1/22 | Pay Armed Guard fee of $200.00 | $275.00 | | $ 200.00 |
| 12/15/22 | Emails with Joe Grekin | $275.00 | 15 min. | $ 68.75 |
| 12/16/22 | Emails with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 12/21/22 | Emails with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 12/22/22 | Emails with Joe Grekin | $275.00 | 10 min. | $ 45.80 |
| 12/23/22 | Phone call with Joe Grekin and Mark Shapiro | $275.00 | 30 min. | $ 137.50 |
| | **TOTAL** | | 11 hrs. 50 min | $3454.17 |